IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JACKIE TREZVANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-1177-CV-W-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and supplemental security income benefits. The Commissioner's decision is affirmed.

### I. BACKGROUND

Plaintiff was born in January 1960, completed the twelfth grade, and has prior work experience performing the functions of a certified nurse's aide. He filed his applications in September 2009, alleging he became disabled on February 4, 2008, due to a combination of diabetes and obesity. He also alleged limitations due to depression and ankle and shoulder pain that arose after he filed his applications. In this proceeding, Plaintiff focuses more on his depression and ankle and shoulder pain than on his diabetes and obesity.

With respect to his shoulder pain, the Record reflects Plaintiff first sought treatment in January 2011 – approximately two months before the hearing. Diagnostic testing revealed nothing of importance, and no MRIs or x-rays were performed. He was

diagnosed as suffering from "shoulder pain," but no diagnosable conditions were identified as causing the pain. R. at 280-83.

Plaintiff first complained of ankle pain in May 2010; while he told the doctor the pain had existed for the preceding six months he had not told the doctor about the pain during any other appointments in that time period. An x-ray taken in July 2010 failed to reveal evidence of fracture, dislocation, or other abnormalities. Examination in August 2010 revealed some pain with circular motion of the ankle, but the examination was otherwise normal. He was described as suffering from "ankle pain," but no diagnosable condition. R. at 284-91, 303-04.

Plaintiff first sought mental health treatment in October 2009. He receives treatment at Truman Medical Center from Dr. David Terry. He diagnosed Plaintiff as suffering from major depressive disorder, assigned a GAF score of 65, and prescribed Zoloft and trazadone. In May 2010, a prescription for Risperdal was added; Plaintiff's condition improved and in October 2010 Dr. Terry reported that Plaintiff had no symptoms and was responding well to medication. R. at Exhibit 8F. However, in November 2010 Dr. Terry completed a Medical Source Statement ("MSS") indicating Plaintiff would be absent from work twice a month but that he had no marked or extreme limitations of any sort. R. at 269-73.

During the hearing, Plaintiff testified that his primary problem is ankle pain and that he can stand for approximately ninety minutes before needing to sit down, sit down for two and half hours at a time, and can lift fifteen to twenty pounds without experiencing pain. R. at 37-38. He also described pain in both shoulders that occurs when he raises them to chest level or above and that makes it difficult for him to hold onto objects. R. at 38-39. He also described his diabetes as uncontrolled and ascribed numerous side effects resulting from diabetes. R. at 39-42. Plaintiff also described experiencing anxiety, paranoia and depression that was uncontrollable. R. at 43-45. He also reported auditory and visual hallucinations. R. at 46.

A vocational expert ("VE") also testified, but was asked only two questions. The VE categorized Plaintiff's work as being performed at the medium level of exertion. She also testified that a person who "would be off-task and miss at least two days [of work] a month would not be employable in the national economy. R. at 49

2

The ALJ found Plaintiff did not suffer from a medically determinable impairment in his ankle or shoulders. He reached this conclusion based on the absence of any medical diagnosis. The ALJ alternatively found these impairments were not severe because they did not cause more than a minimal limitation on his ability to work. R. at 16. The ALJ also found Plaintiff's depression was not severe based on Dr. Terry's treatment notes (including Plaintiff's statements to Dr. Terry as reflected in those notes. He concluded Plaintiff's depression caused no more than mild limitations in any of the functional areas to be analyzed under Social Security regulations. R. at 18-19.

Based on the medical records, the ALJ found Plaintiff's diabetes was well-controlled. He discounted Plaintiff's subjective complaints related to diabetes based on those same medical records as well as their failure to reflect Plaintiff reported the symptoms he described to his doctors. The ALJ also considered the effects of Plaintiff's ankle and shoulder pain, noting Plaintiff was treated conservatively and the absence of any diagnosable medical condition. While Plaintiff had been instructed to use a cane, the medical record indicated this was intended to be a temporary (i.e., 72 hour) suggestion, and that no doctor thought Plaintiff needed to use a can continuously. In fact, the Record contained evidence that Plaintiff's ankle pain was not as limiting as he described. R. at 20-21. For instance, "he reported in August 2010 that he had to work for 8 hours a day lifting boxes as part of his living arrangement." R. at 21. The ALJ found Plaintiff retained the residual functional capacity to perform work at the medium level of exertion, leaving him able to (1) return to his past work and (2) perform other work in the national economy.

## II. DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this

3

standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

Plaintiff discusses evidence and general concepts of the law related to disability appeals. However, the actual error he complains of is much narrower. Plaintiff alleges the RFC is not supported by competent medical evidence and that the ALJ should have solicited additional information to develop the Record. This is simply not true: there was medical evidence in the Record, and the ALJ considered it – along with all the other evidence in the Record – in ascertaining Plaintiff's RFC. To the extent Plaintiff contends the RFC was wrong for failing to incorporate his subjective complaints, the Court notes the ALJ conducted a proper credibility analysis; consequently, the Court is not empowered to substitute its assessment of Plaintiff's credibility for the ALJ's. Moreover, to the extent Plaintiff contends the ALJ erred in deferring to Dr. Terry's assessment that Plaintiff would miss two days of work a month, the Court observes the ALJ discounted this assessment for valid reasons; namely, that it was inconsistent with Dr. Terry's contemporaneous treatment records.

### III. CONCLUSION

The Commissioner's final decision denying benefits is affirmed.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 5, 2013                UNITED STATES DISTRICT COURT

4